here whether, upon a showing that the estate had been closed prior to the expiration of the period for assessment, so that suit against the estate would be futile, a suit against distributees brought within that period would be effective to keep alive the liability as against those distributees. Here the suit was started almost ten months after the expiration of the period for assessment of Duggan, and the fact that a jeopardy assessment was made within the period does not render these transferees liable for its payment in the absence of a court proceeding started before the expiration of the period of limitation for assessment of the preceding transferee. It follows that the bill of complaint did not set up a good cause of action, hence, was properly dismissed.

Decree affirmed.

PER CURIAM.

The appeal is from a decree denying a bill of discovery in aid of the prosecution of an action for damages under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., for the accidental death of appellant's intestate. The papers on this motion consist of the record which would be before us on consideration of the appeal. They are the complaint in this equity action for a bill of discovery, the complaint in a common-law action, and interrogatories referred to in the appellant's bill of discovery.

Upon examination of these papers and the affidavits we are of the opinion that the appeal is frivolous, and therefore the relief should be denied and the appeal dismissed.

Appeal dismissed.

## SCHNEIDER v. LEHIGH VALLEY R. CO.
### Motion No. ——.

Circuit Court of Appeals, Second Circuit.

Jan. 28, 1938.

Arthur Frank, of New York City, for appellant.

Alexander & Green, of New York City, for respondent.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

## COTTMAN CO. et al. v. DAILEY, Collector of Customs.
### No. 4236.

Circuit Court of Appeals, Fourth Circuit.

Jan. 4, 1938.

